ELEANOR HICKS v. DURHAM LIFE INSURANCE COMPANY

No. 7426DC726

(Filed 20 November 1974)

Insurance § 14— life insurance — death resulting from homicide or intentional act — exclusion of coverage

Provision of a life insurance policy excluding coverage when death occurred from "homicide or intentional act of another person" did not apply to this case where insured died as the result of an accidental

gunshot wound inflicted by one who later pleaded guilty to a charge of involuntary manslaughter.

APPEAL by defendant from *Johnson, Judge,* 18 February 1974 Session of District Court held in MECKLENBURG County.

Heard in Court of Appeals 19 September 1974.

This is an action brought by plaintiff, the named beneficiary, to recover proceeds under an insurance policy issued by defendant on the life of plaintiff's husband. The policy contained the following exclusionary provision: "The insurance under this policy shall not be payable if the insured's death . . . results from any one of the following . . . (e) homicide or the intentional act of another person." Plaintiff's husband died as the result of an accidental gunshot wound inflicted by Robert Earl Phillips, who later pleaded guilty to a charge of involuntary manslaughter.

After answer was filed, defendant moved for summary judgment. In support of the motion it offered the deposition of Robert Earl Phillips stating that on the evening of 30 June 1972 he was walking up to Puckett's Farm Equipment in Mecklenburg County, and someone mentioned his having a gun. He pulled the gun from his jacket, and it unexpectedly went off in his hand. The bullet struck Norman G. Hicks, the insured, and killed him.

Plaintiff likewise moved for summary judgment on the basis of Phillips' deposition.

After a hearing on both motions the trial court; granted summary judgment for the plaintiff, and defendant appealed.

*James B. Ledford and Richard A. Cohan, by Richard A. Cohan, for plaintiff appellee.*

*Hedrick, McKnight, Parham, Helms, Warley and Kellam, by Richard T. Feerick, for defendant appellant.*

BALEY, Judge.

The only issue before this Court is whether the policy provision excluding death from "homicide or intentional act of another person" applies to the uncontroverted facts of this case. Defendant contends that because Phillips pleaded guilty to involuntary manslaughter, a degree of homicide under G.S. 14-18,

the exclusion is applicable and plaintiff is not entitled to recover for the death of her husband. We do not agree with this narrow interpretation of the exclusionary provision of this policy. One may die as the result of an accident caused by the negligent act of another for which there may be criminal liability, and yet not be the victim of a "homicide" within the general meaning of that term as used in an insurance policy.

Other courts have generally construed "homicide" to mean an intentional killing. *Great So. Life Ins. Co. v. Campbell,* 148 Miss. 173, 114 So. 262 (1937) ; *Day v. Interstate Life & Acc. Co.,* 163 Tenn. 190, 42 S.W. 2d 208 (1931) ; *Seaboard Life Ins. Co. v. Murphy,* 134 Tex. 165, 132 S.W. 2d 393 (1939). *See also* Annot., 56 A.L.R. 685 (1928). In *Goldberg v. Insurance Co.,* 248 N.C. 86, 88, 102 S.E. 2d 521, 523, our North Carolina Supreme Court said:

> "[D]eath having resulted from the voluntary, unlawful act of Dr. Black, i.e., an assault and battery, it was death by 'homicide' within the meaning of the exception clauses of the policies. (citations omitted.)"

To a layman, the word "homicide" imports a voluntary or intentional act. The language of the policy—"homicide or intentional act"—is ambiguous and implies that the homicide must involve a conscious intent. Any uncertainty as to the meaning of the words used in the exclusionary provision of the policy must be construed in favor of the policyholder and against the company. *Trust Co. v. Insurance Co.,* 276 N.C. 348, 172 S.E. 2d 518. If the insurer desires to avoid coverage under its policy in cases where a negligent act may involve criminal responsibility, it should be expressly stated.

The undisputed evidence is that there was no intentional act on Phillips' part and the insured died as the result of a tragic accident. On cross-examination by defendant's attorney, Phillips said in his deposition:

> "I did not know that the gun was going to discharge when I held it in my hand, and I did not intend for it to discharge. I did not intend for it to shoot Mr. Hicks or to do him any harm, and I don't know what caused the gun to discharge. I did not do anything deliberately, did not intend for the gun to fire. I do not know whether or not I did anything to cause it to fire. It was an accident. I'm say-

ing I did not intend for the gun to fire, and I don't know of anything that I did to cause it to fire."

There being no issue of fact, summary judgment was properly entered for the plaintiff.

Affirmed.

Judges BRITT and HEDRICK concur.